*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| **PETER L. BELANGER,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | *Docket No. 06-13-B-W* |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question whether the administrative law judge properly determined the plaintiff's residual functional capacity and whether he properly evaluated the plaintiff's credibility. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.,* 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from coronary artery disease status post myocardial infarction, renal disease and obesity, impairments that were severe but did not meet or medically equal the elements of any impairment included in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 17; that the plaintiff's allegations about his limitations were only partially credible, Finding 5, *id.*; that the plaintiff retained the residual functional capacity

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 1, 2006 (*continued on next page*)

1

to perform light exertional work with non-exertional limitations of dizziness and fatigue which diminish only somewhat his occupational base but still allow for a wide range of work-related activity, Finding 7, *id.*; that the plaintiff's past relevant work as a production line foreman did not require the performance of work-related activities precluded by his residual functional capacity and thus did not prevent him from performing that work, Findings 8-9, *id.*; and that the plaintiff accordingly was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 10, *id*. The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the Commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

---

pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

**Discussion**

The plaintiff contends that the administrative law judge's determination of his residual functional capacity was "not set forth with sufficient specificity to enable the Court to determine whether [it is] supported by substantial evidence," apparently because he did not properly evaluate the plaintiff's credibility. Statement of Specific Errors ("Statement of Errors") (Docket No. 10) at 7-13. The administrative law judge found that "the claimant's allegations regarding his limitations are only partially credible for the reasons set forth in the body of the decision." Record at 17. He also noted the factors which an administrative law judge must consider in determining a claimant's credibility. *Id*. at 15. His opinion contains the following discussion of credibility:

> The claimant's testimony, statements of record, and description of his limitations are only partially credible in light of the medical evidence and opinions of his treating and examining physicians. The claimant is credible in his assertion that he suffers dizziness since this is consistent with adverse side effects from his prescribed medications according to his treating physician. He has a good work record which also supports his credibility. Also, his medical treatment has been consistent with his disease process. However, he is not credible in that stress testing was within normal limits and there is no timely medical evidence that contradicts the opinion of Robert Hayes, D.O., the medical examiner at Disability Determination Services (DDS), in his June 2004 RFC assessment contained in Exhibit 6F. Dr. Hayes stated that the claimant retains the physical RFC to perform light exertional work. He determined that the claimant can lift/carry 10 pounds frequently and 20 pounds occasionally, sit up to 6 hours out of an 8-hours workday, and stand/walk up to 6 hours of an 8-hour workday. Dr. Hayes said that he would be restricted from any climbing of ladders, ropes, or scaffolds due to his dizziness, and limited to occasional stooping, kneeling, crouching, or crawling for the same reasons. He assessed that the claimant is also restricted from exposure to respiratory irritants.

*Id*. at 16. The plaintiff contends, Statement of Errors at 13, that "the decision must be reversed" because the administrative law judge did not discuss the plaintiff's activities of daily living, about

---

relevant statutes, regulations, case authority and page references to the administrative record.

which he inquired at the hearing, *id*. at 340-50, or the plaintiff's subjective allegations of symptoms. The world of Social Security law is not so simple, however.

The plaintiff does not identify the testimony he offered about his symptoms that would necessarily be inconsistent with the administrative law judge's conclusion concerning his residual functional capacity. If there was no such testimony, the failure to discuss the plaintiff's subjective testimony about symptoms would be harmless. The same is true of the evidence about the plaintiff's activities of daily living.[2] This court will not delve into the details of the administrative record seeking connections between a claimant's legal argument and the evidence provided at the hearing before the administrative law judge. That work is to be done by the plaintiff and/or his attorney. None of the case law cited by the plaintiff holds otherwise.

Thus, in *Quigley v. Barnhart*, 224 F.Supp.2d 357 (D. Mass. 2002),[3] the administrative law judge did not reveal whether he had overlooked or considered and disregarded "plainly relevant" medical evidence, *id*. at 368. That is not the plaintiff's contention here. The court in *Mendoza v. Apfel*, 88 F.Supp.2d 1108, 1015 (C.D. Cal. 2000), did hold, as the plaintiff reports, that "[w]here the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, that testimony is credited as a matter of law." (Citations and internal punctuation omitted.) However, even assuming that the First Circuit would adopt this standard — a questionable assumption given its distaste for awarding benefits rather than remanding to the commissioner for further proceedings, *see Seavey v. Barnhart*, 276 F.3d 1, 9-13 (1st Cir. 2001) — the plaintiff must first establish that his testimony was improperly rejected, and he has not done so here. The administrative law judge's consideration of the plaintiff's credibility was sufficient under

---

[2] At oral argument, counsel for the plaintiff stated that the plaintiff's testimony referred to constant shortness of breath and inability to maintain any activity over a period of time and his very good work history, but she did not provide specific citations to the administrative record in support of these assertions.

4

*Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987): the administrative law judge questioned the plaintiff about his daily activities and functional restrictions, he considered how the plaintiff's testimony fit in with the rest of the evidence, and he specifically relied on medical evidence that supported his conclusions.[4] While more express findings "are preferable," nothing more is required. *Id. Crain v. Callahan*, 996 F. Supp. 1003, 1013 (D. Or. 1997), and *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), the other two cases cited by the plaintiff for the proposition that improperly rejected testimony of a claimant must be credited on appeal as a matter of law, both make clear that the rule being applied is that of the Ninth Circuit. Further, both opinions are inapplicable in this case at any rate because the plaintiff has not made the necessary threshold showing of improper rejection of his testimony.[5]

The administrative law judge relied on Dr. Hayes' report in rejecting some of the plaintiff's testimony about his symptoms and in determining the plaintiff's residual functional capacity. Record at 15-16. He stated that "there is no timely medical evidence that contradicts" Dr. Hayes' opinion. *Id.* at 15. Dr. Hayes, who presumably reviewed the medical records available up to the date of his review, June 8, 2004, *id.* at 275, approximately a year before the hearing, *id.* at 332, noted the negative stress test, *id.* at 269, and stated "RFC gives credit for limitations," including shortness of

---

[3] This court expects a pinpoint citation whenever a reported case is cited as authority.

[4] The plaintiff asserts that the administrative law judge found the plaintiff only partially credible "based upon his selective reading of one piece of objective medical evidence: a 2004 stress test that was felt to be within normal limits" and contends that the test at issue "was limited by shortness of breath and fatigue" and noted that his heart rate was "'blunted' due to beta blockers." Statement of Errors at 8 (italics omitted). He states that these findings "actually buttress and support" his credibility by corroborating his testimony about fatigue and shortness of breath. *Id.* First, it is incorrect to state that the administrative law judge based his negative credibility finding only on the stress test. It is clear that the administrative law judge also relied in this regard on the report of Dr. Hayes, who reviewed the plaintiff's medical records on behalf of the state Disability Determination Services. Record at 15. The report of the stress test does *not* state that the test was "limited by shortness of breath and fatigue" but rather that the plaintiff "complained of shortness of breath and fatigue" after the test was completed, *id.* at 217, a significant difference. Counsel for the plaintiff was unable to explain at oral argument how a "blunted heart rate response," *id.* at 218, is necessarily inconsistent with the testing physician's conclusion that "I would consider this a negative stress test," *id.* She merely asserted that it was inconsistent.

[5] To the extent that the plaintiff means to rely on his testimony that "he is discouraged 'all the time' because '. . . It's very hard when you are used to making money and paying your bills, and then, all of a sudden, you've got to turn around and go live with your parents again,'" Statement of Errors at 11, there is no medical evidence in the record to support a claim of depression or other mental limitation.

breath, chest pain after lifting, inability to walk without stopping to catch his breath, dizzy spells, numbness of neck and constantly feeling tired, *id*. at 273. I do not find any medical evidence dated after Dr. Hayes' report that contradicts his findings.[6] The administrative law judge was entitled to rely on that report.

The plaintiff also argues that the administrative law judge committed reversible error in failing to evaluate the combined effect of his obesity and his cardiovascular impairment when determining his residual functional capacity. Statement of Errors at 13-15. He asserts that the administrative law judge "made a specific finding that the plaintiff's obesity results in significant vocational restrictions" but his opinion "contains no further discussion regarding the impact of the plaintiff's obesity on his cardiovascular and renal conditions, and it is impossible to discern which vocational restrictions, if any, he attributed to the plaintiff's obesity." *Id*. at 13.

The contention that the commissioner is required to attribute each of the physical limitations he finds to a particular severe physical impairment or combination of impairments is a novel one and is not supported by regulation or case law of which I am aware. Counsel for the plaintiff cited for the first time Social Security Ruling 95-5p in support of this contention. That Ruling is entitled "Considering Allegations of Pain and Other Symptoms in Residual Functional Capacity and Individualized Functional Assessments and Explaining Conclusions Reached." Social Security Ruling 95-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006) at 104-05. The Ruling does state that "[t]he RFC assessment . . . must describe the relationship between the medically determinable impairment(s) and the conclusions regarding functioning which have been derived from

---

[6] At oral argument, counsel for the plaintiff asserted that there was medical evidence dated after Dr. Hayes' report that contradicted his findings, specifically the records of the plaintiff's renal failure for which he was hospitalized for two days, which she characterized as "a clear indication of [the plaintiff's] inability to engage in any activity." She did not provide any citation to the administrative record in support of this contention. Assuming that she meant to refer to the medical records at pages 285-310 of the administrative record, the diagnosis at the time of that hospital admission was renal failure due to "exerting out in the hot sun while not really increasing his oral
(*continued on next page*)

the evidence, and must include a discussion of why reported daily activity limitations or restrictions are or are not reasonably consistent with the medical and other evidence," *id.*, but that statement cannot reasonably be stretched to impose the requirement advocated by the plaintiff. The plaintiff also asserts, also without citation to authority, that "[t]he combined effects of obesity with cardiovascular impairments can be greater than the effects of each of the impairments considered separately," *id.* at 14, but does not suggest how specific consideration of his obesity would necessarily change the residual functional capacity assigned by the administrative law judge. Again, the harmless error standard applies. The plaintiff also states that

> Social Security rulings require assessment of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment and recognizes [sic] that individuals with obesity may have problems with the ability to sustain a function over time. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.

*Id.* at 14-15. He cites no authority for these assertions, but they are apparently based on Section 8 of Social Security Ruling 02-1p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006) at 264-65. The sentence immediately following the sentences recited by the plaintiff states: "This may be particularly true in cases involving sleep apnea." *Id.* at 265. There is no diagnosis of sleep apnea in the plaintiff's medical records. In any event, there is no indication in the record that the administrative law judge did not follow these guidelines. The limitations on lifting, climbing, stooping, kneeling, crouching and crawling, Record at 353-54, could be based in the plaintiff's obesity as readily as they could be based in his renal disease or cardiovascular condition. Indeed, they seem likely to be derived from a combination of those conditions.[7]

---

intake plus regular intake of his diuretics." Record at 308. The condition was fully resolved at the time of his discharge. *Id.* at 285. There is no sense in which these findings necessarily contradict the limitations assessed by Dr. Hayes. *Id.* at 268-75.

[7] At oral argument, counsel for the plaintiff for the first time argued that the administrative law judge was required to explain "what he meant by limited balancing," and cited Social Security Ruling 96-9p in support of this assertion. This term does not appear in the
(*continued on next page*)

Because the plaintiff's statement of errors makes a brief reference to his "mental ability to sustain work activity," Statement of Errors at 14-15, I asked counsel for the plaintiff at oral argument to identify the medical evidence of mental limitations in the record. Counsel mentioned in response the plaintiff's own testimony and the report of a dietician on February 17, 2003 that the plaintiff "is discouraged that he has not had any weight loss with some very positive changes in eating habits." Record at 318. Neither the plaintiff's own testimony nor the dietician's observation constitutes the medical evidence necessary to require the administrative law judge to consider mental limitations on the plaintiff's ability to work.

On the showing made, the plaintiff is not entitled to remand based on the administrative law judge's consideration of his obesity.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of December, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

administrative law judge's decision, Record at 12-18, and I can only assume that counsel meant to refer to the administrative law judge's question to the vocational expert at hearing, in which he stated that the plaintiff "could frequently balance," *id*. at 353. Assuming that this issue is properly before the court despite its omission from the plaintiff's statement of errors, that Ruling applies only to situations involving a residual functional capacity assessment for less than a full range of sedentary work. Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006) at 152. The administrative law judge in this case assessed the plaintiff as having a residual functional capacity for light work. Record at 17.

8